IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL ANTHONY BROWN,
REG. #11513-021                                                                                    PETITIONER

2:10CV00081 BSM-JTK

T.C. OUTLAW, Warden,
FCI - Forrest City                                                                                  RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United Sates District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

## DISPOSITION

Petitioner, a federal prisoner proceeding *pro se*, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. No. 1) He accuses the Bureau of Prisons (BOP) of failing to properly consider him for placement in a residential re-entry center (RRC) pursuant to 18 U.S.C. § 3621 and of failing to comply with the Second Chance Act of 2007. (Doc. 1 at 4) He asks the Court to review his record and designate him to an RRC or half-way house for the final twelve (12) months of his sentence if doing so would "better integrate [him] back into [] society as Congress intended." *Id.* at 5. For the reasons discussed below, the Court dismisses the petition with prejudice.[1]

Petitioner pled guilty on August 8, 2003, to possession with intent to distribute methamphetamine and possession of a firearm by a convicted felon under 21 U.S.C. §

---

[1] The record indicates that Petitioner has not exhausted his claim via the administrative remedy process provided by the BOP. (Doc. No. 8-1, Exhibit 5) The Court need not address the exhaustion issue, however, because Petitioner's claim fails on the merits. *See Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007).

841(a)(1) and 18 U.S.C. § 922(g) respectively. (Doc. No. 8, Exhibit 1) On October 10, 2003, the United States District Court for the Southern District of Georgia imposed on Petitioner a 104 month term of imprisonment. *Id.* Petitioner's projected release date is October 31, 2011.[2] (Doc. No. 8-1, Attachment B) The BOP recommended placing Petitioner in an RRC for the last 150 to 180 days of his imprisonment term. *Id.*

The BOP is empowered to "designate the place of the prisoner's imprisonment[]" and "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). In making a placement or transfer determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." *Id.* Further, 18 U.S.C. § 3624(c), amended by the Second Chance Act of 2007, provides that the BOP must, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a

---

[2] Though fewer than 12 months remain on Petitioner's term of imprisonment, the Court finds that his petition retains a live controversy because the BOP has not yet placed Petitioner in an RRC as of the date of this Order.

community correctional facility.³" 18 U.S.C. § 3624(c)(1); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (explaining that the statute "does not require placement" in an RRC, but it does "obligate[] the BOP to facilitate the prisoner's transition from the prison system"). The BOP's RRC placement decision must be made on an "individual basis" with each prisoner and must include consideration of the § 3621(b) factors. § 3624(c)(6)(A)-(B). If the BOP, in its discretion, determines that placement in an RRC is beneficial, it is not required to place a prisoner in an RRC for a specified time, except that such term is "not to exceed 12 months." § 3624(c)(1). "[D]etailed statutory analysis" is not required "whenever a prisoner requests an immediate transfer to an RRC." *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008). Per BOP regulations, a prisoner must be reviewed for prerelease placement 17-19 months before his projected release date. *Id.* at 756-57.

Petitioner argues that the BOP's recommended RRC placement of 150-180 days was made without proper consideration of the § 3621(b) factors and was made outside the mandated 17-19 month window. Petitioner's Reply at 4. The Court disagrees. In a form entitled "Second Chance Act - RRC Needs Assessment," the BOP clearly considered all of the required factors and made an individualized assessment. (Doc. No. 8-1, Attachment B) The form is dated May 7, 2010, approximately 17 months before Petitioner's October 2011 projected release date.⁴ *Id.* It required the assessor to consider,

---

³ A community correctional facility is now referred to as an RRC. *Sessel v. Outlaw*. 2009 WL 1850331, *2 (E.D. Ark., June 25, 2009).

⁴ Petitioner contends that the form was predated to May 7, 2010, with the actual date of assessment on July 20th—thus removing the assessment process from the required time frame of 17-

4

inter alia, the resources of the proposed facility, any statement by the U.S. Sentencing Commission, the history and characteristics of the inmate, any statement of the court that imposed the sentence, and the nature and circumstances of the offense—all factors outlined in § 3621(b). *Id.* Again, the BOP is not required to conduct a detailed RRC placement analysis, *Miller*, 527 F.3d at 758, and it is under no legal obligation to place Petitioner in an RRC for any portion of his sentence; it is merely required to ensure, to the extent practicable, that he spends a portion of the finals months of his sentence "under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." § 3624(c)(1). The record indicates that Petitioner received an adequate, individualized assessment for placement in an RRC.

IT IS THEREFORE RECOMMENDED that this petition be, and it is hereby, dismissed with prejudice. IT IS FURTHER RECOMMENDED that Petitioner's Motion for Ruling (Doc. No. 11) be denied as moot.

SO ORDERED this 7th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

19 months from a prisoner's projected release. Petitioner's Reply at 7. Assuming, *arguendo*, that the RRC placement assessment did occur on July 20th instead of May 7th, the Court notes an earlier form from March 28, 2010, which shows that the BOP conducted an initial prerelease placement analysis within the required period. (Doc. No. 8-1 at 21)